UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **VFC PROPERTIES 10 LLC, as Successor Plaintiff to VFC PARTNERS 10, LLC,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**THE REED FAMILY REAL ESTATE PARTNERSHIP TWO, L.P.,** )<br>)<br>)<br>**Defendant.** ) | No. 3:10-CV-00945 |

_____

**MOTION TO SUBSTITUTE CAMPBELL STATION INVESTMENTS, LLC AS PLAINTIFF IN THIS ACTION AND TO MODIFY CAPTION, ACCOMPANIED BY MEMORANDUM OF LAW IN SUPPORT THEREOF**
_____

Pursuant to Federal Rule of Civil Procedure 25(c), Campbell Station Investments, LLC ("Campbell Station") moves the Court to substitute it as the Plaintiff in this matter. Campbell Station would show the Court as follows:

### A.　Background

1.　The original plaintiff in this action is U.S. Bank National Association ("US Bank"), which was the lender under certain loan documents (the "Loan Documents") to The Reed Family Real Estate Partnership Two, L.P. ("Defendant"). The loan (the "Loan") was in the original principal amount of $4,375,000.00, and was made to finance the acquisition and construction of a medical office building and related property (the "Project") located in Williamson County, Tennessee. The Loan is secured by, among other things, the Project and all gross revenues and rents of the Project. US Bank filed this action seeking appointment of a receiver following Defendant's default on the Loan, and this Court appointed a receiver by order

dated October 14, 2010. The foregoing facts are all set out in the Complaint and in the Order Appointing the Receiver.

2. On June 21, 2011, US Bank sold its interest in the Loan to VFC Partners 10 LLC ("VFC Partners"). On August 24, 2011 this Court entered an order substituting VFC Partners for US Bank as the party plaintiff in this matter.

3. On July 20, 2012, VFC Partners assigned its interest in the Loan to VFC Properties 10 LLC ("VFC Properties"). On August 13, 2012 this Court entered an order substituting VFC Properties for VFC Partners as the party plaintiff in this matter.

4. On September 7, VFC Properties sold its interest in the Loan to Campbell Station Investments which is now the successor in interest to all rights of VFC Properties under the Loan.

5. Accordingly, Campbell Station is now the real party in interest and moves the Court to allow its substitution as the Plaintiff in this action. Documents reflecting the assignment have been recorded in the real estate records and true and correct copies are attached hereto as <u>Exhibit A</u>.

6. The Receiver appointed in this action has no objection to the substitution. Further, VFC Properties has no objection to the substitution, and indeed, is in favor of it. Further, Campbell Station is maintaining the same counsel (the undersigned) utilized by VFC Properties in this action, so there will be no disruption from the substitution.

7. Campbell Station requests that the caption in this action be modified following the substitution as follows:

```
_____
CAMPBELL STATION INVESTMENTS, LLC    )
as Successor Plaintiff to            )
VFC PROPERTIES 10 LLC,               )
                                     )
        Plaintiff,                   )
                                     )
                v.                   )   No. 3:10-CV-00945
                                     )
THE REED FAMILY REAL ESTATE          )
PARTNERSHIP TWO, L.P.,               )
                                     )
        Defendant.                   )
_____
```

### B. Memorandum of Law/Argument

8. The Federal Rules of Civil Procedure provide for just this eventuality. Federal Rule of Civil Procedure 25(c) provides:

> **Transfer of Interest**. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Regarding service, this motion is being served consistent with Rule 25(a)(3) – service is being made with notice of hearing on all parties to this proceeding. There are no non-parties who require service (US Bank, VFC Partners, VFC Properties, the Receiver, and the Defendant being the parties with an interest in this motion, and all being parties to this case).

9. Substitution under Rule 25 is within the discretion of the Court, and the Court has generous discretion in connection with continuance of actions where there has been transfer of interest. Hyatt Chalet Motels, Inc. v. Salem Bldg. and Const. Trades Council, 298 F.Supp. 699 (D.C.Or. 1968). See generally, 20 Wright & Miller Federal Practice & Procedure Deskbook ¶ 82. Generally, while a suit might be allowed to proceed in the name of the original party, the real party in interest should be substituted for the original party when the original party makes an

assignment after commencement of suit, and the original party eliminated from the suit as part of the motion.  Hyatt at 704.

10. In this case, there has been a transfer of the Plaintiff's interest, and the Court should order the substitution of Campbell Station for VFC Properties.  Further, there are no counterclaims pending, so there is no reason that VFC Properties should not be relieved from its continued participation as a party from this proceeding.

WHEREFORE, Campbell Station prays that the Court enter the order filed contemporaneously herewith, substituting it as the party plaintiff in place of VFC Properties and modifying the caption in this case.  Campbell Station further requests that the Court grant such other relief as is just and proper.

Dated:  October 26, 2012             Respectfully Submitted:

FROST BROWN TODD LLC

*/s/ Robert A. Guy, Jr.*
Robert A. Guy, Jr., Esq. (#016715)
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550
615.251.5551 (fax)
bguy@fbtlaw.com

*Counsel for Proposed Substituting Party*
*(and Counsel of Record for VFC Properties 10 LLC*
*until substitution is complete)*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing to be served upon the following parties to this action on this the 26th day of October, 2012 via first class mail, postage pre-paid:

Thomas H. Forrester, Esq.
Gullett Sanford Robinson & Martin
P.O. Box 198888
Nashville, TN 37219-8888

Benjamin A. Burns
5250 Virginia Way, Suite 100
Brentwood, TN 37027

Mr. Thomas L. Reed, Jr.
The Professional Building at Campbell Station
1634 Wexford Drive
Murfreesboro, TN 37129

U.S. Bank
c/o Mike Christie, Jr.
Vice President
10 W. Broad Street, 12th Floor
Columbus, OH 43215

Roy DeSha, Esq.
DeSha Watson PLLC
1106 18th Ave. South
Nashville, TN 37212

Michael Gigandet, Esq.
Law Office of Michael Gigandet
208 Centre Street
Pleasant View, TN 37146

Lonnie R. Abrahams
VFC Properties 10, LLC
c/o First City Servicing Corporation
6400 Imperial Drive
Waco, TX 76712

Lonnie R. Abrahams
VFC Partners 10, LLC
c/o First City Servicing Corporation
6400 Imperial Drive
Waco, TX 76712

/s/ Robert A. Guy, Jr.

NSHLibrary 0122611.0587845  277711vvvvvv1