IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VFC PROPERTIES 10, LLC, as Successor Plaintiff to VFC PARTNERS 10, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:10-cv-00945 ) Judge Aleta A. Trauger ) |
| THE REED FAMILY REAL ESTATE PARTNERSHIP TWO, L.P., | ) ) ) |
| Defendant. | ) ) ) |

## APPLICATION FOR APPROVAL OF ALL RECEIVERSHIP FEES, MANAGEMENT FEES, ATTORNEY FEES, AND EXPENSES

Come Ben A. Burns, the Receiver appointed herein of Cornerstone Commercial Real Estate Services of Tennessee, LLC (formerly with Cassidy Turley Midwest Division, Inc.) (the "Receiver"), and Gullett, Sanford, Robinson and Martin, PLLC ("GSR&M"), counsel for the Receiver, and respectfully submit this Application for Approval of All Receivership Fees, Management Fees, Attorney Fees, and Expenses (the "Application"). In support of this Application, the Receiver and GSR&M state as follows:

1. This Application seeks final approval of all fees of the Receiver for the period October 20, 2010 through September 30, 2012, fees charged by the management company hired by the Receiver for management of the Receivership property for the period October 20, 2010 through September 30, 2012, and fees and expenses incurred in rendering services to the Receiver from October 20, 2010 through September 30, 2012, by Gullett, Sanford, Robinson & Martin, PLLC, counsel for the Receiver.

503316.1/2010858

2. The Receiver was approached by counsel for the original Plaintiff herein, U.S. Bank National Association ("U.S. Bank") in early October, 2010. The Defendant herein, The Reed Family Real Estate Partnership Two, L.P. (the "Defendant") had defaulted under the terms of a $4,375,000 loan made by U.S. Bank to the Defendant, and the principal of the Defendant, Thomas Reed ("Reed"), had filed a voluntary Chapter 7 bankruptcy petition. The Receiver is a licensed attorney and has extensive experience in real estate matters. U.S. Bank needed his expertise as it sought the appointment of a receiver to take over the management and operations of the collateral securing the loan. The Receiver consented to serve as a Court-appointed receiver herein.

3. U.S. Bank filed its complaint (Docket No. 1) and moved for the appointment of a receiver (Docket No. 4) on October 8, 2010. The request for a receiver was supported by an affidavit of an authorized representative of U.S. Bank on October 14, 2010 (Docket No. 11). A hearing was conducted by Judge Todd J. Campbell on October 14, 2010 (Docket No. 14), and Judge Campbell entered an Order appointing the Receiver on October 14, 2010 (Docket No. 16). The Receiver requested authority to employ GSR&M on October 25, 2010 (Docket No. 19), and Judge Campbell recused himself the following day (Docket No. 20); the case was reassigned to this Court by the same Order.

4. Upon the request of U.S. Bank, the initial receivership Order was amended to correct a clerical error, and an amended Order appointing the Receiver was entered November 2, 2010 (the "Receivership Order") (Docket No. 25).

5. The Receivership Order gave the Receiver broad authority to operate and manage a medical office building in Spring Hill, Williamson County, Tennessee (the "Property" or the "Medical Office Building"), which, along with the rental proceeds therefrom, served as the

2

collateral for U.S. Bank's loan to the Defendant. The Medical Office Building was (and still is) occupied by doctors and other healthcare providers pursuant to leases. The Defendant and Reed consented to the appointment of the Receiver, and the Receiver immediately solidified the relationship with tenants and took control of the management and operations of the Medical Office Building.

6. Since his appointment, the Receiver has overseen all phases of management, including:

A. Taking possession of all books, records and personal property related to the Medical Office Building;

B. Retaining security personnel to secure the Medical Office Building and securing the premises;

C. Conducting an inventory of all property at the Medical Office Building;

D. Negotiating, entering into, revising, and renewing lease contracts and other contracts related to the Medical Office Building;

E. Managing the Property, including the collection of rents and other revenues and the payment of ordinary and necessary operating expenses of the Medical Office Building;

F. Tending to the physical condition and security of the Medical Office Building, including upkeep, repair and maintenance of the Property as necessary;

G. Supervising contacts with governmental, taxing and regulatory agencies and officials; and

H. At the direction of U.S. Bank (and the successor Plaintiffs), marketing the Medical Office Building for lease and sale.

7. The Receiver has dutifully performed all of the functions and services expected of him in the Receivership Order. The Receiver, through his counsel, has filed regular monthly operating reports; the Receiver's twenty-third (23rd) monthly operating report was filed on October 24, 2012. Assisting the Receiver have been a management team (Cassidy Turley of Brentwood, Tennessee) and the Receiver's attorneys, GSR&M. Outlined below are the fees and expenses incurred by (1) the Receiver, (2) the Receiver's management team, and (3) GSR&M.

*Fees Charged by the Receiver*

8. The Receivership Order authorized the Receiver to be compensated for his services and to be reimbursed for necessary out-of-pocket expenses. During the period October 20, 2010 through September 30, 2012, the Receiver rendered services of a value of not less than $17,510.00. An accounting of these fees is attached hereto as **Exhibit A**.

*Fees Charged for Management of the Receivership Property*

9. The Receivership Order authorized the Receiver to hire a professional management company to manage the Receivership property during the pendency of the Receivership. The Receiver employed the firm Cassidy Turley to perform these services. During the period October 20, 2010 through September 30, 2012, Cassidy Turley rendered services of a value of not less than $45,231.40. An accounting of these fees is attached hereto as **Exhibit B**.

*Fees and Expenses Incurred by Receiver's Counsel*

10. The Receivership Order authorized the Receiver to employ legal counsel, and the Receiver employed GSR&M in mid-October, 2010. The purposes for which GSR&M was employed as counsel were as follows:

4

A. To give the Receiver legal advice with respect to his powers and duties as Receiver in the management of the Property;

B. To advise the Receiver regarding the tax obligations incurred in the course of managing the Property and to correspond with state and federal taxing authorities;

C. To advise the Receiver regarding the leasing of the Property in addition to drafting and negotiating lease contracts;

D. To aid the Receiver in managing and negotiating any potential sale of the Property, including drafting and reviewing contracts of sale and attending to title work necessary for a sale;

E. To assist the Receiver in filing monthly operating reports for the Property; and

F. To advise the Receiver in the event of a foreclosure on the Property.

11. Since the date that the Receiver engaged GSR&M, GSR&M has represented the Receiver in the matters for which it was employed. In the course of this representation, members of GSR&M have rendered substantial service to the Receiver with respect to a number of legal matters arising in the course of management of the Property, including the following:

A. The review and filing of the Receiver's required monthly operating reports;

B. The negotiation and review of leases or lease modifications of the Property;

C. Correspondence with governmental agencies regarding taxes resulting from the management and operation of the Property;

D. Negotiation of a possible sale of the Property;

E. Drafting and review of contracts of sale for a possible sale of the Property;

F. Review of the title status of the Property and the obtaining of title insurance;

5

G. Establishing with the Court a proper sale procedure for a possible sale of the Property;

H. Correspondence and communications with creditors holding an interest in the Property as those creditors changed over time as the loan secured by the Property was sold; and

I. Assisting the Receiver in navigating the ultimate foreclosure on the Property.

12. Specific legal services rendered by members of GSR&M from October 20, 2010, through September 30, 2012, and the time that each member of GSR&M expended in the rendering of such services, are detailed in **Exhibit C** attached hereto, to which reference is made for a complete statement hereof. The members of GSR&M who rendered service to the Receiver are described below:

A. Thomas H. Forrester is an active member of the bar of Tennessee, practicing in the Tennessee state courts, in the United States Bankruptcy Courts, in the United States District Courts and in the United States Courts of Appeal. Mr. Forrester was admitted to practice in Tennessee in 1984 and specializes in insolvency law and commercial litigation.

B. Cathey H. Gwyn is an active member of the bar of Tennessee, practicing in the Tennessee state courts and in the United States District Courts. Ms. Gwyn was admitted to practice in Tennessee in 1987 and specializes in real estate and financing transactions.

C. Mark H. Westlake is an active member of the bar of Tennessee, practicing in the Tennessee state courts and in the United States District Courts. Mr. Westlake was admitted to practice in Tennessee in 1978 and specializes in tax law and commercial transactions.

D. D. Hiatt Collins is an active member of the bar of Tennessee, practicing in the Tennessee state courts and in the United States Bankruptcy Courts. Mr. Collins was admitted to

6

practice in Alabama in 2005, Georgia in 2008, and Tennessee in 2009, and specializes in insolvency law and commercial litigation.

E. Allen D. Lentz is an active member of the bar of Tennessee, practicing in the Tennessee state courts and in the United States District Courts. Mr. Lentz was admitted to practice in Tennessee in 1971 and specializes in employment and non-competition agreements, drafting and interpretation of contracts, and business entity formation, governance, and transactions.

F. GSR&M has had assistance from paralegals employed with GSR&M throughout this case. Ms. Megan Pyle and Ms. Amber King are both members of the Middle Tennessee Paralegal Association and have considerable experience working on various commercial litigation, insolvency, and real estate matters.

13. The total number of hours of services rendered by each member of GSR&M providing service to the Receiver is shown on the table below. A number of the attorneys and paralegals who performed services for the Receiver did so at a reduced rate, at the request of the Receiver, which is reflected in the table. The services performed by attorneys for the period from October 20, 2010 through September 30, 2012 are of a value not less than $65,183.50. The services performed by paralegals for the period from October 20, 2010 through September 30, 2012 are of a value not less than $1,643.00. The total value of all attorney and paralegal services for the period from October 20, 2010 through September 30, 2012 is not less than $66,826.50.

| Member | Standard Hourly Rate for Insolvency Matters | Hourly Rate for this Matter | Hours Billed | Fees Billed Per Member |
|---|---|---|---|---|
| D. Hiatt Collins | $275.00 | $215.00 | 3.5 | $451.50 |

7

| Name | Rate | Rate | Hours | Total |
|---|---|---|---|---|
| Thomas H. Forrester | $425.00 | $325.00 | 139.6 | $44,109.00 |
| Cathey H. Gwyn | $275.00 | $275.00 | 73.2 | $19,365.50 |
| Allen D. Lentz | $375.00 | $375.00 | 0.7 | $262.50 |
| Mark H. Westlake | $325.00 | $325.00 | 3.2 | $995.00 |
| Amber King (Paralegal) | $125.00 | $100.00 | 1.4 | $70.00 |
| Megan W. Pyle (Paralegal) | $125.00 | $100.00 | 22.2 | $1,573.00 |
| | | **Total Hours and Fees:** | **243.8** | **$66,826.50** |

14. In connection with rendering the services detailed above, GSR&M has billed to the Receiver expenses from October 20, 2010 through September 30, 2012, as follows:

| | |
|---|---:|
| Photocopies (@ $.20 per page) | $261.00 |
| Long Distance Telephone Charges | $19.67 |
| Postage (USPS and Federal Express) | $69.54 |
| Computer Research (Lexis/Westlaw/Pacer) | $3.06 |
| Parking | $15.00 |
| **TOTAL:** | **$368.27** |

15. No separate time records have been kept for secretaries, but a substantial number of hours have been devoted to the preparation of various pleadings, orders, and other documents, and to the sending of notices in this proceeding, by secretaries employed by GSR&M, whose salaries are paid by GSR&M.

16. The Receiver has paid all fees and expenses incurred in this case in accord with GSR&M's monthly statements for the period October 20, 2010 through September 30, 2012.

The Receiver has paid $66,826.50 in fees and $368.27 in expenses incurred for the period October 20, 2010 through September 30, 2012, for a total of $67,194.77. Copies of all statements that GSR&M has issued to the Receiver are attached hereto as **Exhibit C**.

17. This Application only covers fees and expenses billed by GSR&M to the Receiver up to September 30, 2012. Fees and expenses for the month of October do not appear herein and will be billed to the Receiver following the end of the month.

18. A proposed Order granting this Application is attached hereto as **Exhibit D**.

WHEREFORE, after such notice and hearing as may be necessary, the Receiver and GSR&M pray that the Court approve the following:

A. Fees of the Receiver for the period October 20, 2010 through September 30, 2012, as more particularly set forth hereinabove, in the amount of $17,510.00;

B. Fees for management of the Receivership property for the period October 20, 2010 through September 30, 2012, as more particularly set for the hereinabove, in the amount of $45,231.40;

C. The total payment of compensation for legal and paralegal services rendered during the period October 20, 2010 through September 30, 2012, as more particularly set forth hereinabove, in the amount of $66,826.50 and payment of $368.27 for costs and expenses incurred by GSR&M in the rendering of the above-described legal services, for a total of $67,194.77.

D. The Receiver and GSR&M respectfully request such other and further relief as is just.

Respectfully submitted this 30th day of October, 2012.

    /s/ Thomas H. Forrester
Thomas H. Forrester, BPR No. 10956
D. Hiatt Collins, BPR No. 28182
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994
tforrester@gsrm.com; hcollins@gsrm.com;
bke@gsrm.com

*Attorneys for Receiver*

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2012, except as otherwise noted, a true and exact copy of the foregoing has been served electronically via the Court's CM/ECF electronic filing system on the following:

Robert A. Guy, Jr., Esquire
Christy L. Hruska, Esquire
Frost Brown Todd LLC
150 3rd Avenue South
Suite 1900
Nashville, Tennessee 37201
bguy@fbtlaw.com

[Via first class mail, postage prepaid]
Mr. Thomas L. Reed, Jr.
The Medical Campus at Campbell Station
1634 Wexford Drive
Murfreesboro, TN 37129

[Via first class mail, postage prepaid]
R. Douglas Cutler, as General Partner and Guarantor
P.O. Box 681946
Franklin, TN 37068-1946

/s/ Thomas H. Forrester
Thomas H. Forrester